IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Antrawn Demez Sturdivant,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:11-cr-00416-TLW<br>C/A No. 4:13-cv-01161-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Antrawn Demez Sturdivant. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner was one of thirteen defendants named in a single-count drug conspiracy indictment. On December 20, 2011, he signed a plea agreement in which the parties agreed that the appropriate term of imprisonment was 180 months, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. On January 5, 2012, he pled guilty to Conspiracy to Possess With Intent to Distribute and Distribution of 5 Kilograms or More of Cocaine, 280 Grams or More of Cocaine Base, 50 Kilograms or More of Marijuana, and a Quantity of Methylenedioxymethamphetamine, which carried a statutory penalty of ten years to life.

The Presentence Investigation Report reflected that he had a criminal history category of V and a total offense level of 31, resulting in a guideline range of 168 to 210 months.[1] On April

---

[1] It is also noteworthy that, based on Petitioner's five prior drug convictions, the Government could have filed an enhancement pursuant to 21 U.S.C. § 851, which would have resulted in a

1

17, 2012, the Court sentenced him to 180 months after concluding that the Rule 11(c)(1)(C) agreement was appropriate. Judgment was entered on April 26, 2012. No direct appeal was filed.

On or about April 24, 2013,[2] Petitioner timely filed this § 2255 petition in which he argued that, based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), he did not have the required predicate convictions to be a career offender. ECF No. 763. On May 13, 2013, the Government filed a response in opposition and a motion for summary judgment. ECF Nos. 768, 769. He did not file a response to the summary judgment motion.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental

---

mandatory minimum of life imprisonment, but the Government chose not to do so.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

3

## IV. Discussion

As noted above, Petitioner's sole ground for relief is that he did not have the requisite predicate convictions to be sentenced as a career offender. This is easily resolved, as he was not sentenced as a career offender. His total offense level was calculated based on the drug weight, plus two points for a gun enhancement, minus three points for acceptance of responsibility. His criminal history category was calculated in the standard fashion without a career offender enhancement. Additionally, the Court sentenced him to 180 months, as the parties agreed to in their Rule 11(c)(1)(C) agreement, which was within the guideline range of 168 to 210 months. Accordingly, he is not entitled to relief.

## V. Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 769, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 763, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 30, 2014
Columbia, South Carolina